IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT P. VILLA,

    Plaintiff,                                       No.  CIV-S-06-0846 GGH

    vs.

MICHAEL J. ASTRUE,                          <u>ORDER</u>
Commissioner of Social Security,

    Defendant.
_____/

        Plaintiff's counsel, having been awarded $5,250.00 in EAJA fees for court work in this Social Security disability case, has applied for fees pursuant to the retainer agreement and 42 U.S.C. § 406(b), so that the legally capped 25% of back benefits awarded to plaintiff will be payable to counsel.  That is, counsel seeks $4,569.25 in addition to the already awarded $5,250.00 so that the 25% figure ($9,819.25) is the amount counsel will actually receive.

        The Commissioner, acting not as an adversary but as an adviser to the court, suggests that paying counsel a total of ($9,819.25) is a windfall given the relatively short amount of time spent on this case in court matters.  The Commissioner does not contest the quality of the work, nor does the undersigned.  Counsel was not dilatory in her work.  The case involved matters routinely adjudicated in Social Security disability cases.

\\\\\

1

Counsel filed for § 406(b) fees giving a brief listing of the hours that she and her paralegal expended on the case. As coincidence would have it, each person spent 5.2 hours on the case with respect to court matters. Counsel did not give information about a normal billing rate for either herself or the paralegal.

In Crawford v. Astrue, 586 F.3d 1142 (9th Cir. 2009) (en banc), the Ninth Circuit emphasized the "primacy" of the retainer agreement in assessing whether § 406 fees were reasonable. Factors which could detract from this primacy were whether counsel's work was poor, whether counsel had unnecessarily delayed work in the case (thus resulting in a higher back pay award from which fees could be computed) or that the § 406 fees requested would constitute a "windfall." However, this last term was undefined.[1] Computed hourly rates in the Crawford trilogy of combined cases of up to $900 per hour (computed by dividing the total amount sought by the number of hours expended) were found to be reasonable.

If the total fees sought by counsel, both from EAJA and § 406 (b) are considered, counsel's computed hourly rate would exceed $1,000 per hour. If both counsel and the paralegal are considered, although no hourly rates are given for either, counsel's hourly rate would still exceed $1,000 per hour, presuming that counsel's hourly rate would be higher than that of the paralegal. Although Crawford, almost grudgingly, permitted a reviewing court to compare the actual computed hourly rate with a reasonable hourly rate, the Ninth Circuit evidently believes a rate of $900 per hour to be reasonable. There are no precise standards given in Crawford as to what might seem out of bounds for a reasonable hourly rate.

Crawford also focused on the fact that in its cases, the attorneys involved, perhaps with a pang of conscience, did not seek to recover the entire 25% maximum allowed under the statute. In the view of Crawford, this fact made the attorneys' requests reasonable. There did not appear to have been an award of EAJA fees pertinent to the Crawford cases.

---

[1] In practice, the more efficient counsel is in court, the higher will be the hourly fee amount represented in a § 406 fee award.

1   The court is tasked with reviewing the reasonableness of § 406 (b) fee requests because these fees are taken from the amount of disability benefits, whose payment to the disability plaintiff has been delayed over the course of the disability adjudication in court. Generally, the disability claimants are not well to do. If in this case, plaintiff's counsel had sought the total $9,815.25 out of the back benefits payable to plaintiff, perhaps even the Crawford majority would have found hourly rates in excess of $1,000 excessive. However, over half of the total attorneys' fees available to counsel in this case will have been paid by the government under EAJA. In light of this fact, the undersigned could not apply Crawford and find the § 406(b) fees sought here unreasonable. Reducing § 406(b) fees after Crawford is a dicey business.

*Conclusion*

The Commissioner shall pay plaintiff's counsel in this case the sum of $4,569.25 in § 406(b) attorneys' fees. The remainder withheld from the back benefits awardable to plaintiff ($5,250.00), i.e. the amount of EAJA fees already paid to plaintiff's counsel, shall be disbursed to plaintiff.

DATED:   01/07/10

/s/ Gregory G. Hollows

U.S. MAGISTRATE JUDGE

GGH:gh:035
villa.fee